# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

OCTAVIO GIRAL,
     Plaintiff,

v.                                 Case No. 8:21-cv-964-KKM-AEP

AL NIENUIS,
SHAUN KLUCZNIK,
D. CARRIVEAU,
J. PABON
R. SCHMIDT
S. WALTON, and
WILLIAM INGERSOLL,
     Defendants.
_____

## ORDER

    Plaintiff Octavio Giral, a pretrial detainee, brings a claim under 42 U.S.C. § 1983, alleging a violation of his Fourteenth Amendment right of access to the courts.

## I.    Legal Background

### A.    Section 1915

    Although federal courts must read a plaintiff's pro se allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519–520 (1972), they must conduct an initial screening of civil suits brought by prisoners seeking redress from a governmental entity or its employee to determine whether they should proceed, 28 U.S.C. § 1915(A). A court is required to dismiss a complaint, or any portion thereof, if the complaint fails to identify cognizable claims; is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. § 1915(A)(b); *see also* 28 U.S.C. § 1915(e)(2) (requiring dismissal of a complaint in an in forma pauperis proceeding

under the same circumstances). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissals for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6)").

### b.    Section 1983

Giral brings a claim under 42 U.S.C. § 1983. "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a Section 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* at 996–97. Thus, a plaintiff must show that the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of the plaintiff's rights. *Id.*

## II.    Analysis

Giral alleges that, while incarcerated at the Hernando County Jail on May 15, 2020, Giral was served with a summons and complaint. In the complaint, the Hernando County Sheriff's Office sought civil forfeiture of $26,100.00—money which law enforcement seized during Giral's arrest on charges of possession of firearms and drugs by a convicted felon. (Doc. 1-1 at 6–7 and 20–21.) Giral sought advice from the public defense attorney who represents him in his criminal case

concerning how to respond to the complaint. (*Id.* at 8.) The attorney informed Giral that he was unable to represent Giral in the civil matter. (*Id.*)

On May 18, 2020, Giral requested access to the jail law library to prepare a response to the civil forfeiture complaint. (*Id.* at 11.) Defendant Deputy William Ingersoll responded, "You must be a court-certified pro se litigant in order to be eligible to access law library services. . . . Our records indicate that you have an attorney assigned to your case number 20 CF 0645, therefore, you do not qualify for law library access." (*Id.*)

Giral again requested access to the jail law library. (*Id.* at 12.) Defendant Ingersoll again denied the request, explaining that a law library does not exist in the Hernando County Jail.  He repeated that Giral must be "court-certified pro se" to access the jail's legal research system. (*Id.*)

Ten days before the deadline to respond to the civil forfeiture complaint expired, Giral submitted a grievance. (*Id.*) On May 27, 2020, Defendant Sergeant J. Pabon responded:

> Inmate   Giral,   the   Hernando   County   Sheriff's Department Detention Center is not restricting you from accessing the Fifth Judicial Circuit Court or legal counsel. You can contact your attorney at any time.  At this facility, we do not possess law books and we do not have a physical law library.  To be eligible to receive law library research you shall be pro se on a current criminal charge or have a pending civil matter with an assigned case number.  In review of your court documentation, you currently have an attorney representing you in case number 20 CF 0645, which would nullify any pro se status.  Contact your attorney for questions related to your case.

(*Id.* at 12–13.)

Giral sought administrative relief from his denied grievance. (*Id.* at 13.) This time, Defendant Lieutenant D. Carriveau responded:

> Inmate Giral, I have reviewed your grievance and the HCJ process to obtain access to legal information has been explained to you. The Hernando County Detention Center has a process in place for court-certified pro se defendants to obtain legal documentation requested. Also, in review of your court documentation, you have counsel representing you in case number 20 CF 0645, which makes you ineligible to access the legal information request system.

(*Id.* at 13–14.)

Giral sought administrative relief from Defendant Major Shawn Klucznik, Jail Administrator. (*Id.* at 14.) However, his request was simply denied. (*Id.*)

On May 29, 2020, Giral composed a document addressed to the Fifth Judicial Circuit Court for Hernando County, requesting an extension of time to file a responsive pleading. (*Id.* at 14–15.) He identified the document as "legal mail" and handed it to a deputy to be placed in the U.S. mail. (*Id.* at 15.) However, state court records reveal no such document was filed. (*Id.*)

Between June 1 and June 17, 2020, Giral repeatedly requested access to the law library research materials from Defendants Ingersoll, Pabon, and Carriveau. (*Id.* at 15.) Each request was denied. (*Id.*)

On June 30, 2020, Giral requested a notary and a photocopy of his responsive pleading. (*Id.* at 15–16.) Defendant Sergeant R. Schmidt rejected that request, citing page 28 of the inmate handbook. (*Id.* at 16.) Giral protested, but Defendant Carriveau repeated that Giral was not a court-certified pro se litigant. (*Id.*)

With the help of his family, Giral secured a notary. (*Id*.) When the notary arrived at the jail, Defendant Schmidt refused to admit the notary. (*Id*. at 16–17.) After a lengthy discussion, Giral was permitted to provide his legal documents to the notary in the booking area. (*Id*.) However, after the documents were notarized and Giral returned to his housing area, he discovered that a page of the notarized documents was missing. (*Id*. at 17.) Giral complained, but Defendant Schmidt responded, "you failed to check your legal paperwork before you left booking." (*Id*. at 18.) Giral submitted a grievance and an appeal about the missing document, both of which were rejected. (*Id*. at 18–19.) Defendant Pabon explained, "booking is not responsible for your legal interactions." (*Id*. at 19.)

On September 8, 2020, Giral received notice that a hearing on the forfeiture proceeding was scheduled for September 16, 2020. (*Id*. at 20.) On September 13, 2020, Giral requested confirmation that he would be able to attend the hearing. (*Id*.) The following day, Defendant Corporal S. Walton confirmed he would "make sure that you get to court." (*Id*.) Nevertheless, Giral was not permitted to attend the hearing. (*Id*.) On September 22, 2020, a final order of forfeiture was entered against Giral, awarding the Hernando County Sheriff's Office the $26,100.00 seized during Giral's arrest. (*Id*. at 10.)

Giral seeks a declaration that the defendants violated his constitutional right of access to the courts. (*Id*. at 22.) He seeks both actual and punitive damages in the amount of $26,100.00. (*Id*. at 23.)

### A.    Access to the Courts

Giral alleges that the defendants violated his constitutional right of access to the courts by (1) denying him access to a law library, legal research, persons

trained in the law to assist him, and a notary; (2) failing to forward his legal pleadings in the mail; and (3) failing to secure his presence at the civil forfeiture hearing. (*Id*. at 23–24.) He alleges that the defendants prevented him from responding timely to the civil forfeiture complaint, which resulted in a final order of forfeiture against him. (*Id*. at 10.)

"[P]risoners have a constitutional right of access to the courts." *Barbour v. Haley*, 471 F.3d 1222, 1226 (11th Cir. 2006) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing them with adequate law libraries or adequate assistance from persons trained in the law." *Id.* (citations omitted). "However, in order to assert a claim arising from the denial of meaningful access to the courts, an inmate must first establish an actual injury." *Id.* "[The actual injury] requirement derives from the constitutional doctrine of standing." *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1271 (11th Cir. 2010).

"Actual injury may be established by demonstrating the inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by a deficiency in the prison library or in a legal assistance program or by an official's action." *Barbour*, 471 F.3d at 1226. "[A] litigant asserting an access claim must also prove that he has a colorable underlying claim for which he seeks relief." *Id*. "The allegations about the underlying cause of action must be specific enough to give fair notice to defendants and must 'be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope.'" *Cunningham*, 592 F.3d at 1271 (quoting *Christopher v. Harbury*, 536 U.S. 403, 416

(2002)). An access-to-courts violation is further circumscribed because it only applies in limited kinds of cases: non-frivolous appeals in a criminal case, petitions for habeas corpus, and civil rights actions. *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008).

Giral fails to state a claim for denial of access to the courts. The actual injury Giral identifies is the forfeiture of $26,100.00 due to his failure to respond timely to the civil forfeiture complaint. A civil forfeiture proceeding is not one of the limited types of cases protected by the access-to-courts right. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) (finding that an "in rem forfeiture action constitutes a civil remedial sanction, which is not a classification of case recognized as included in the access-to-courts right under *Lewis* [*v. Casey*, 518 U.S. 343, 355 (1996)]"). And, even if civil forfeiture become one of the actions encompassed by the access-to-courts right, Giral fails to identify any defense—much less any nonfrivolous, colorable defense—to the civil forfeiture proceeding.   Because Giral asserts no facts challenging the validity of the underlying seizure giving rise to the money forfeited or to the civil forfeiture proceeding itself, his access-to-the-courts claim must be dismissed.

## B.     Official Capacity Claims

Giral sues Defendants Klucznik, Carriveau, Pabon, Schmidt, Walton, and Ingersoll in their official capacities. Claims against municipal employees in their official capacities are claims against the municipality itself. *Monell v. Dept. of Social Services of the City of New York*, 98 S. Ct. 2018, 203 n. 55 (1978). And local governments are liable for acts only which it has "officially sanctioned or ordered." *Turquitt v. Jefferson County*, 137 F.3d 1285 (11th Cir. 1998). Therefore,

Section 1983 claims must show that an official policy of the municipality caused the alleged deprivation or that an unofficial custom or practice is so entrenched it has the "force of law." *Monell*, 98 S. Ct. at 2036. Giral alleges no facts regarding any official policies, customs, or practices that systematically deprived him of his Fourteenth Amendment right of access to the courts. Consequently, the allegations against Defendants Klucznik, Carriveau, Pabon, Schmidt, Walton, and Ingersoll in their official capacities must be dismissed.

Giral also sues Hernando County Sheriff Al Nienuis in his official capacity. Giral cannot hold Sheriff Nienuis liable simply because he was a supervisor. *Monell*, 436 U.S. at 694. To establish a Section 1983 claim against a defendant in the defendant's supervisory capacity, "a plaintiff must show that the defendant instituted a 'custom or policy [that] result[s] in deliberate indifference to constitutional rights or . . . directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Goebert v. Lee Cty.*, 510 F.3d 1312, 1331 (11th Cir. 2007) (quoting *West v. Tillman*, 496 F.3d 1321, 1328–29 (11th Cir. 2007)). Giral identifies Sheriff Nienuis as a defendant; but he alleges no facts about Sheriff Nienuis's role in the denial of access to the courts. Giral also alleges no policy or custom that caused the constitutional violation. Consequently, the allegations against Sheriff Nienuis in his official capacity must be dismissed.

### C.   Punitive Damages

Under Section 1983, punitive damages may be awarded when a defendant's conduct is motivated by "evil motive or intent" or shows "reckless or callous indifference" to a plaintiff's federally-protected rights. *Smith v. Wade*, 461 U.S. 30,

56 (1983). Giral fails to assert that any defendant acted with evil motive or showed reckless or callous indifference to his right of access to the courts. Consequently, Giral's claim for punitive damages must be dismissed.

### D.    Futile to Amend

Because Giral brings an access-to-courts challenge based on an action not covered by that right (civil forfeiture), *see, e.g.*, *Elmore v. Cooper*, 476 F. App'x 700, 702 (11th Cir. 2012); *Juiffre v. Broward Sheriff's Office*, 717 F. App'x 886, 888 (11th Cir. 2017), any amendment to the complaint—even if he could in repleading identify a nonfrivolous claim to the civil forfeiture that Defendants' actions frustrated—would be futile. Thus, his complaint is dismissed with prejudice for failure to state a claim.

## III.   Conclusion

Accordingly, it is **ORDERED** that:

1.    Giral's Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim for relief.

6.    The Clerk is **DIRECTED** to enter judgment in favor of Defendants, terminate any pending motions, and close the case.

**ORDERED** in Tampa, Florida, on October 19, 2021.

Kathryn Kimball Mizelle
United States District Judge